19063. Texas Company *v.* Brown Tire Company.

Stephens, J. 1. Where two persons have entered into a contract to do that which is legal, but, on account of the then obtaining physical conditions, it is in contemplation of the parties and necessary to the performance of the contract that one of the parties shall do an act which is prohibited by law, and after the execution of the contract the physical conditions become so altered that it can be performed by a lawful act, and performance in such lawful manner is tendered by the party contracting to perform, and the tender is accepted by the other contracting party, the contract is not illegal and unenforceable upon the ground that it is a contract to do an unlawful act. 3 Williston on Contracts, §§ 1758, 1760. Where the owner of a gasoline filling station and an oil company enter into a contract, whereby the oil company, during a certain period is to furnish to the owner of the filling station gas, at a stipulated price, which the oil company is to supply by depositing it in underground tanks at the filling station, and at the time of the execution of the contract it is contemplated by both parties that the oil company in performing its contractual obligation will install its own oil-tanks under the sidewalk at the filling station in lieu of oil-tanks already installed there and belonging to another person, yet where, after the execution of the contract, it is, by reason of a refusal of the municipal authorities to permit the installation by the oil company of the new gas-tanks, agreed by both contracting parties that the oil company purchase from their owner the tanks already under the sidewalk, and the oil company accordingly negotiates and concludes with the owner of these tanks a contract for their purchase, which thereby enables the oil company to perform its contractual obligation to furnish gas to the owner of the filling station without the necessity of installing new tanks under the sidewalk, it is then in contemplation of the contracting parties that gas will be supplied under the contract in tanks already under the sidewalk. The contract therefore is not illegal or void as being against public policy in that it obligates or entails, by the installation of new gas-tanks under the sidewalk, the performance of an act in violation of a statute of the State prohibiting the installation of gas-tanks under the sidewalk. Nor does a refusal of the government authorities of the city to grant a permit for the installation of new gas-tanks under the sidewalk prevent a performance by the oil company of its contractual obligations to furnish gas by storing it in the tanks already installed under the sidewalk.

2. Although the tanks already under the sidewalk may have been installed in violation of an act of the legislature preventing the installation of gas-tanks under sidewalks, the use of these tanks thus installed for the storage of gas is not a violation of this statute. Where it does not appear that the use of the tanks for the storage of gas was otherwise illegal or against public policy, the contract by which the oil company agreed to supply gas to the owner of the filling station by the storage of gas in these tanks was not illegal or contrary to public policy.

3. Assuming that the gas tanks already installed under the sidewalk at the filling station had been installed in violation of an act of the legis-

lature prohibiting their installation, and assuming that their removal from the sidewalk could be enforced at any time, the possibility of such enforced removal before the termination of the contract does not physically prevent the performance by the oil company of its contractual obligations to store the gas in the tanks; and since the contract must be taken as made in contemplation of the provisions of existing public laws, the mere possibility of the tanks being removed in compliance with an existing statute can not afford an excuse to the oil company for a failure to perform its contractual obligations to furnish gas for a period of time by storing it in these tanks.

4. This being a suit by the owner of the filling station against the oil company to recover under the contract an amount contracted to be paid monthly by the defendant to the plaintiff for the enjoyment of certain privileges at the plaintiff's filling station, and also to recover an amount representing the plaintiff's damage arising out of a failure by the defendant to supply gas to the plaintiff as contracted, and the evidence authorizing an inference that the contract was to furnish the gas by storage in the tanks then installed under the sidewalk, as indicated in paragraph 1 above, a finding that the contract was illegal and against public policy, and therefore unenforceable against the defendant, was not as a matter of law demanded; but a finding that a legally enforceable contract was entered into by both parties, and was breached by the defendant's failure to perform, was authorized.

5. The only defense interposed by the defendant was that the contract was illegal and against public policy, and unenforceable, in that it provided for the performance of an act prohibited by law, and the court clearly charged the jury favorably to the defendant in this respect.

6. Since, under the ruling in paragraph 2 above, the installation of the then-existing tanks under the sidewalk in violation of law was immaterial, and could not afford a defense for a failure of the defendant to carry out the contract by supplying the gas contracted for by storing it in these tanks, a charge of the court that if the tanks under the sidewalk were not there in violation of law, a contractual obligation by the oil company to supply gas to these tanks would not be illegal or against public policy, even if not authorized by the evidence, was nevertheless not harmful to the defendant. Nor was it harmful to the defendant for the court, in calling the jury's attention to that part of the act of the legislature of 1924 which provides that upon a discontinuance of any tanks or filling stations located within the sidewalks in violation of this act, the city authorities shall require them to be immediately removed (Ga. L. 1924, pp. 683, 688), to fail to call the jury's attention to the provision following to the effect that no permission shall be granted for the relocation of the tanks or filling stations on the streets or sidewalks of the city.

7. Under the above rulings the court did not err as against the defendant, either in refusing to charge, or in charging as excepted to.

8. The verdict found for the plaintiff was legally authorized and no error appears.    *Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 22, 1929.

*Adams, Adams & Douglas,* for plaintiff in error.
*Lawrence & Abrahams, H. Mercer Jordan,* contra.